*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT COAR, | : | |
| | : | Civil Action No. 15-6546 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOSEPH D. CORONATO, et al., | : | |
| | : | |
| Respondents. | : | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Robert Coar ("Petitioner") brought pursuant to 28 U.S.C. § 2254 challenging his state court conviction (ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth herein, this Court will dismiss the petition for want of jurisdiction and no certificate of appealability shall issue.

I. BACKGROUND

Petitioner, Robert Coar, is a convicted felon who has completed his custodial sentence who seeks to challenge his state court conviction. (ECF No. 1). Petitioner was tried in 1999 for four counts of second degree sexual assault in violation of N.J. Stat. Ann. § 2C:14-2(b) and one count of third degree endangering the welfare of a child in violation of N.J. Stat. Ann. § 2C:24-4(a). *See State v. Coar*, 2014 WL 563660, at *1 (N.J. App. Div. Feb. 13, 2014). "The jury found defendant guilty of two counts of second degree sexual assault and one count of third degree endangering the

welfare of a child. On October 1, 1999, the trial court sentenced defendant to an aggregate term of fourteen years and ordered defendant to comply with the registration requirements of [N.J. Stat. Ann. §] 2C:7-1 to -19, commonly known as 'Megan's Law.'" *Id.* Petitioner appealed that conviction, but the New Jersey Appellate Division affirmed, and the New Jersey Supreme Court denied certification on February 27, 2001. *Id.*; *see also State v. Coar*, 167 N.J. 632 (2001). Petitioner thereafter filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, which was denied by way of an order and opinion issued on October 23, 2002. (*See* Document 1 attached to ECF No. 1 at 3). That opinion also denied Petitioner a certificate of appealability. Petitioner sought a certificate of appealability from the Third Circuit, which was denied on May 23, 2003. (*Id.* at 4). The Third Circuit thereafter denied Petitioner's request for a rehearing *en banc*, and the Supreme Court denied Petitioner's petition for a writ of certiorari on March 8, 2004. *Coar v. MacFarland*, 541 U.S. 905 (2004). (*See also Coar v. Greenish*, No. 02-4228 at ECF No. 17).

Petitioner filed a state post-conviction relief petition challenging his conviction on September 23, 2004. (ECF No. 1 at 3). That petition was initially denied on June 28, 2006, but the matter was remanded to the state trial courts by the New Jersey Superior Court Appellate Division on May 12, 2008. (Document 1 attached to ECF No. 1 at 6). The trial court denied Petitioner's PCR petition on remand by way of a letter opinion dated September 23, 2011. (Document 1 attached to ECF No. 1). Petitioner appealed again, and the Appellate Division affirmed. *See Coar*, 2014 WL 563660 at *1-2. The New Jersey Supreme Court denied Petitioner's petition for certification on September 9, 2014, *see State v. Coar*, 219 N.J. 627 (2014), and the Supreme Court denied certiorari on January 12, 2015, *see* 135 S. Ct. 977.

Petitioner filed the instant habeas petition on or about August 31, 2015. (ECF No. 1). Petitioner, who is no longer incarcerated, seeks to challenge his conviction based on alleged deficiencies in the jury instructions given at trial and for the trial court's failure to hold a hearing allegedly required by state law. The only "custody" petitioner seeks to challenge, however, is his subjection to the registration requirements of Megan's Law. (ECF No. 1 at 1, 11).

## II. DISCUSSION

### A. Legal Standard

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under Rule 4, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B. Analysis

Petitioner faces a jurisdictional hurdle to his attempts to bring his habeas claims in so much as he is no longer in physical custody, but challenges only the registration requirements to which he is subject under Megan's Law. Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." That a petitioner is "in custody" at the time he filed his petition is therefore a subject matter jurisdictional requirement for the bringing of a § 2254 petition.

3

*See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Moore v. New Jersey*, No. 11-3510, 2012 WL 1574370, at *2 (D.N.J. May 3, 2012). "The 'in custody' requirement is satisfied where[, at the time the petition is filed,] the state has imposed 'significant restraints on [the] petitioner's liberty . . . which are in addition to those imposed by the State upon the public generally.'" *Moore*, 2012 WL 1574370 at *2 (quoting *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 508 (1982)). While the collateral consequences of a conviction, such as the loss of the ability to vote, hold public office, or serve on a jury, may prevent a habeas petition from becoming moot upon a petitioner's release, such consequences are insufficient to establish the "in custody" jurisdictional requirement for bringing a habeas petition. *Id.*; *see also Spencer*, 523 U.S. at 7-8; *Maleng*, 490 U.S. at 491-92.

While the third circuit has yet to clearly categorize Megan's Law registration as a collateral consequence insufficient to establish custody, the circuit courts which have addressed analogous requirements have "rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas." *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir.), *cert. denied*, 555 U.S. 868 (2008); *see also Calhoun v. Attorney General*, 745 F.3d 1070, 1074 (10th Cir.) ("the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be 'in custody' at the time he files a habeas petition"), *cert. denied sub nom.*, *Calhoun v. Suthers*, --- U.S. ---, 135 S. Ct. 376 (2014); *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012), *cert. denied*, --- U.S. ---, 133 S. Ct. 2853 (2013); *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998), *cert denied* 525 U.S. 1081 (1999). This Court has therefore previously held that the registration requirements of Megan's Law are no more than collateral consequences of a

4

conviction and do not constitute the sort of severe and immediate restraint on liberty sufficient to satisfy the "in custody" requirement of the habeas statute.  *See Moore*, 2012 WL 1574370 at *3; *see also Harris v. Lagana*, No. 13-5063, 2015 WL 4413085, at *3-4 (D.N.J. July 16, 2015); *Bell v. New Jersey*, No. 14-4047, 2014 WL 7177215, at *2 (D.N.J. Dec. 16, 2014); *Bango v. Green-Allen*, No. 10-6810, 2011 WL 9500, at *2 (D.N.J. Jan. 3, 2011).  The weight of authority therefore firmly establishes that Petitioner's subjection to Megan's Law registration requirements is insufficient to establish that Petitioner was "in custody" at the time he filed his petition, and that this Court therefore lacks subject matter jurisdiction to hear Petitioner's current habeas claims.  This Court will therefore dismiss the petition pursuant to Rule 4 for want of subject matter jurisdiction.[1]

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), Petitioner may not appeal from a final order in a habeas

---

[1] Even were Petitioner "in custody" at the time he filed his complaint, Petitioner faces the additional hurdle that this appears to be a second or successive habeas petition brought pursuant to § 2254.  Where a petition raises claims that were or could have been raised in an earlier habeas petition which was decided on the merits, that petition is a "second or successive" petition.  *See, e.g., Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).  Before a petitioner may file a second or successive petition in this Court, he must first receive authorization from the Court of Appeals.  *See Blystone v. Horn*, 664 F.3d 397, 411-12 (3d Cir. 2011).  "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar."  *Id*. at 412.  The claims petitioner seeks to raise here are based neither on facts or law which arose after his first habeas petition was denied by this Court in 2002.  Petitioner's habeas petition appears to be second or successive for that reason.  As Petitioner has not shown that he has sought, let alone obtained, authorization from the Third Circuit, this Court would therefore lack jurisdiction to hear Petitioner's claims.  *Id.* Thus it appears that, even were Petitioner able to show that he is "in custody," this Court would still be required to dismiss his petition for want of jurisdiction.

proceeding where Petitioner's detention arises out of a state court proceeding unless Petitioner has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As it is clear that Petitioner fails to meet the "in custody" requirement and that this Court lacks jurisdiction over Petitioner's habeas claims, jurists of reasons could not conclude that the issues presented are adequate to deserve encouragement to proceed further. As such, no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is DISMISSED for want of jurisdiction, and no certificate of appealability shall issue. An appropriate order follows.


Dated: September 14, 2015                              *s/ Susan D. Wigenton*
                                                      Hon. Susan D. Wigenton,
                                                      United States District Judge